IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM MORGAN,

    Petitioner,                     No. CIV S-06-1231 RRB EFB P

    vs.

ROSANNE CAMPBELL,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas application, petitioner challenges a disciplinary action taken against him while he was incarcerated at Mule Creek State Prison, resulting in the loss of time credits to be applied against his sentence. Respondent moves to dismiss petitioner's habeas application on the grounds that the petition is procedurally defaulted because he failed to exhaust administrative remedies.

**I.**    **Factual Background**

        Petitioner alleges that a prison disciplinary proceeding violated his due process rights because the decision finding him guilty of possession of a controlled substance was unsupported by the evidence. Attached to the petition is a copy of a Rules Violation Report dated September 8, 2003, that states that a correctional officer, while issuing a quarterly package to petitioner,

1

1 discovered "two clear plastic packages that contained a crystal like substance hidden in the sole
2 of white tennis shoes." Petition at 35. The officer suspected the substance to be
3 methamphetamine and confiscated it. *Id.* Petitioner was placed in Administrative Segregation
4 and issued a Rules Violation Report for "attempting to introduce narcotics into an institution for
5 the purposes of distribution." *Id.* at 35, 37. Petitioner was found guilty of "introducing narcotics
6 for distribution and sales" on October 28, 2003. *Id.* at 39.

7 Petitioner submitted an inmate appeal form on November 26, 2003, claiming a violation
8 of due process at the hearing on the Rules Violation Report. Petitioner's appeal was bypassed at
9 the informal and formal levels and on January 28, 2004, denied at the second level of review. *Id.*
10 at 43-44, 50-54. Petitioner sought review at the Director's Level, which was denied on June 24,
11 2004, with a finding that he had in fact received due process. *Id.* at 54-55.

12 On July 6, 2004, petitioner filed a second inmate appeal in which he stated that he "never
13 received the 'final copies'" of the Rules Violation Report indicating the modification of the
14 findings of the hearing officer from "distribution" to "possession," which he needed to appeal.
15 *Id.* at 66. That appeal was denied at the informal level on July 15, 2004. *Id.* at 66.

16 On July 18, 2004, petitioner filed another inmate appeal in which he appealed his loss of
17 time credits because he was not informed of the change in offense for which he was ultimately
18 found guilty within five-day time frame set forth in § 3320 (3)(2) of Title 15 of the California
19 Code of Regulations. *Id.* at 57, 61. On July 27, 2004, and again on August 12, 2004, petitioner's
20 appeal was denied at the second level, for the reason that "[t]here has been too great a time lapse
21 between when the action or decision occurred and when you filed you appeal with no
22 explanation of why you did not or could not file in a timely fashion." *Id.* at 60.

23 Petitioner sought review in the Amador County Superior Court. That court denied his
24 petition for writ of habeas corpus for the reason that he failed to exhaust administrative remedies.
25 ////
26 ////

The court found that:

> [i]n March 2004, prison officials modified the decision in the administrative proceeding. Instead of distributing narcotics, the order was amended and the petitioner found guilty of possession of narcotics. Petitioner file an institutional appeal after receiving the modification. However, the appeal was rejected as untimely.
>
> \* \* \*
>
> Based on these facts the court does not find there is good cause to excuse the failure to exhaust administrative remedies. The modification of the order did not increase the punishment of change the finding of guilt.

*Id.* at 72.

Petitioner's application for writ of habeas corpus was subsequently denied by the California Court of Appeal for the Third Appellate District on October 13, 2005, and by the California Supreme Court on March 15, 2006.

**II.    Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Supreme Court and the Ninth Circuit have allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir.1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); *Hillery v. Pulley*, 533 F.Supp. 1189, 1194 & n. 12 (E.D .Cal.1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. *See Hillery*, 533 F.Supp. at 1194 & n. 12.

////

////

3

In this case, respondent's motion to dismiss is based on a failure to exhaust state remedies. Therefore, the Court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

### III. Failure to Exhaust State Remedies

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). The fair presentation requirement is not met if the state's highest court does not reach the merits of a claim due to the procedural context in which it was presented. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

Here, petitioner failed to exhaust his state remedies on his claim concerning his disciplinary hearing because he failed to exhaust his administrative remedies. Petition at 60. Both the California Court of Appeal and the California Supreme Court denied petitioner's habeas application. *Id*. at 143-145. Neither court denied the application on the merits of petitioner's claim; instead the denial was on the procedural grounds that petitioner had failed to meet the state exhaustion requirement. *Id*. In its denial, the California Supreme Court cited to *In re Dexter*, 25 Cal.3d 921 (1979), which holds that inmates must exhaust administrative remedies before pursuing judicial relief. Because petitioner's state habeas application was denied on procedural grounds, the fair presentation requirement is not met. *See Roettgen*, 33 F.3d at 38. The court therefore finds that petitioner has failed to exhaust his state remedies.

### IV. Procedural Default

Petitioner's failure to exhaust his administrative remedies, as discussed above, constitutes a procedural default of his claim. When a petitioner has defaulted on a procedural requirement

4

and is unable to demonstrate good cause and prejudice or a fundamental miscarriage of justice, a district court need not reach the merits of the federal habeas petition. *See Park v. Cal.*, 202 F.3d 1146, 1150 (9th Cir.2000). Where the state court decision declining to hear the merits of a claim rests on a state law ground that is independent of the federal question and adequate to support the state court judgment, federal habeas review is barred. *See id.* at 1151.

Here, the state court petition was denied on a state procedural ground, independent of any federal question, that was adequate to support the judgment – a failure to exhaust administrative remedies. Because petitioner's claims are procedurally defaulted, federal habeas review is precluded.

## V.  Conclusion

The court finds that petitioner's state court remedies were not exhausted and that his claims are procedurally defaulted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 27, 2006, motion to dismiss be granted;

2. Petitioner's petition for a writ of habeas corpus should be dismissed with prejudice; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE