IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MORGAN,<br><br>    Petitioner,<br><br>vs.<br><br>ROSANNE CAMPBELL,<br><br>    Respondent. | No. 2:06-cv-01231-JKS-EFB<br><br>ORDER |

  Petitioner William Morgan, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

  On February 11, 2008, the Magistrate Judge filed Findings and Recommendations recommending that Respondent's motion to dismiss be granted and the petition dismissed, with prejudice, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within fourteen days. Morgan has filed objections to the Findings and Recommendations.

  Morgan objects to the Magistrate Judge's finding that he had not exhausted his administrative remedies. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

  The disciplinary proceedings that Morgan challenges and the ensuing administrative appeal procedures are set forth in the Findings and Recommendations and, in the interests of brevity, are not repeated here. Morgan reads the Findings and Recommendations somewhat out of context. The Magistrate Judge found that the California courts held Morgan had failed to

exhaust his administrative remedies, which procedurally barred review by this Court in a federal habeas proceeding.[1]  Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).  This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ." *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

> First announced as a broad concept in *Wainwright v. Sykes,* 433 U.S. 72, 97, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the procedural bar doctrine "has its historical and theoretical basis in the 'adequate and independent state ground' doctrine." *Harris v. Reed,* 489 U.S. 255, 260, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citing *Wainwright,* 433 U.S. at 78-79, 97 S.Ct. 2497); *see also Fox Film Corp. v. Muller,* 296 U.S. 207, 210, 56 S.Ct. 183, 80 L.Ed. 158 (1935).  The adequate and independent state ground doctrine provides that federal courts "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both independent of the merits of the federal claim and has an adequate basis for the court's decision." *Harris,* 489 U.S. at 260, 109 S.Ct. 1038.

*Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

Here, as the Magistrate Judge correctly found, it is clear that the California Superior Court and the California Supreme Court denied Morgan's petitions on the grounds that he had failed to exhaust his state law administrative remedies.  To the extent that Petitioner raises issues of the proper application of State law, they are beyond the purview of this Court in a federal habeas proceeding.  It is presumed that the state court knew and correctly applied state law.  *See Walton v. Arizona,* 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).  The California courts having decided Morgan's petitions on the ground that he had failed to exhaust his

---

[1] The Court agrees that the Magistrate Judge erred in finding that the July 6, 2004, appeal, in which he raised not receiving the "final copies" of the Rules Violation Report, was denied.  That appeal was granted and Morgan was furnished a "final copy."  That "error" does not, however, affect the issue of whether the State courts denied his petitions before those courts based on the failure to exhaust administrative remedies.

ORDER
*Morgan v. Campbell*, 2:06-cv-01231-JKS-EFB                       2

administrative remedies under state law is an adequate independent state law basis precluding review in a federal habeas proceeding.

Even if the Court were to reach the merits of Morgan's petition, he would not prevail. Morgan raises but a single ground in his petition: By failing to comply with the requirements of the California Code of Regulations, title 15, specifically §§ 3320(a), 3084(3)(1), 3312(b)(1), 3320(3)(1) and 3084.1(a), he was denied due process of law. Even if the state did not follow the state's own procedure does not violate due process, as long as the prisoner is afforded process sufficient to meet the standard in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Before disciplinary action resulting in the loss of good time may be taken, due process requires the prisoner be given written notice of the violation at least 24 hours in advance of appearance before the disciplinary hearing; written statement of fact finder as to evidence relied on and reason for disciplinary action taken, except that certain items of evidence may be excluded when personal or institutional safety would be implicated; and opportunity to call witnesses and present documentary evidence in defense when permitting inmate to do so would not be unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563–66.

The record appended to the petition shows that Morgan received advance notice of the violation of which he was charged and appeared at the hearing where he was provided the opportunity to call and cross-examine witnesses. The hearing officer, setting forth the evidence upon which he relied, found Morgan guilty of introducing narcotics (methamphetamine) for distribution and sales and assessed him 180 days loss of good-time. Subsequently, while Morgan's administrative appeal from the hearing officer's determination was pending, the Chief Disciplinary Officer, without explanation, changed the charge of which Morgan was found guilty to possession of a controlled substance and reduced the good-time loss to 150 days. Morgan does not contest the adequacy of the findings of the hearing officer under *Wolff*; instead, Morgan claims that the failure of the Chief Disciplinary Officer to explain why he changed the charge upon which Morgan was found guilty and the reduction in the good time loss.

While it would unquestionably have been more instructive to the parties involved for the Chief Disciplinary Officer to have given reasons for his modification, it is not a requirement in

the context of constitutional due process under *Wolff*. Morgan received advance notice of the charges, a hearing where he was afforded the opportunity to present and cross-examine witnesses, and a written statement of the evidence relied on by the hearing officer and, presumptively, the Chief Disciplinary Officer. Although the state regulations may, *Wolff* does not require more. This is particularly evident in this case as the original finding and disciplinary action had been upheld on administrative appeal, and the action of the Chief Disciplinary Officer was beneficial to Morgan in that it reduced his loss of good-time by 30 days.

Even on the merits, Morgan is not entitled to relief.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Findings and Recommendations filed February 11, 2008, as supplemented herein, are adopted in full;

2. Respondent's Motion to Dismiss at Docket No. 11 is GRANTED;

3. The petition for a writ of habeas corpus filed herein is DISMISSED; and

4. The Clerk of the Court to enter final judgment accordingly.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[2] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated: September 26, 2008.

s/ James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
United States District Judge

---

[2] The Court notes that the decision under review in this proceeding is a state administrative proceeding. As such, a Certificate of Appealability may not be required. *See Rosas v. Nielsen*, 428 F.3d 1229, 1231–32 (9th Cir. 2005) (COA not required in habeas proceeding involving denial of parole).